<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR WOFFORD and VINCENT RAY, | : : : | |
| Plaintiffs, | : : | Civil Action No. 14-5723 (ES) (JAD) |
| v. | : : | OPINION |
| GARY LANIGAN, et al., | : : | |
| Defendants. | : : | |

**ESTHER SALAS, U.S.D.J.**

Pending before the Court is the motion to dismiss filed by Defendants Gary Lanigan, Beverly Hasting, and the New Jersey Department of Corrections. (D.E. No. 8). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendants' motion is GRANTED.

**I.      BACKGROUND**

In 1983, Arthur Wofford and Vincent Ray (collectively, "Plaintiffs") were each sentenced to a mandatory minimum of thirty years imprisonment. (D.E. No. 1 Complaint ("Compl.") ¶¶ 10, 20). Plaintiffs earned a number of "work and commutation credits" ("credits") in order to reduce their term of imprisonment imposed by the courts. (*Id*. ¶ 11). While incarcerated, Plaintiffs accumulated a combined total of approximately 15,505 credits. (*Id*. ¶¶ 13, 20). However, Plaintiffs could not use their credits to reduce their time of imprisonment because their sentences were subject to a mandatory minimum. (*Id*. ¶ 12).

Plaintiffs now bring suit against Gary Lanigan, the Commissioner of the New Jersey Department of Corrections, ("Lanigan"); Beverly Hastings, Administrator of East Jersey State

Prison, ("Hastings"); and the New Jersey Department of Corrections, (the "Department") (collectively, "Defendants"). Plaintiffs allege that, upon their release from prison in 2012, they should have been financially compensated for each credit they earned while incarcerated. (*Id.* ¶¶ 7, 8). Specifically, Plaintiffs contend that they have recognizable liberty and property interests in their credits and that Defendants' failure to compensate Plaintiffs for those credits violates Plaintiffs' Fifth Amendment rights under the Takings Clause and Plaintiffs' Fourteenth Amendment rights under the Due Process and Equal Protection Clauses. (*Id.* ¶¶ 28, 29).

Plaintiffs bring the following claims against Defendants, both in their official and individual capacities, under 42 U.S.C. § 1983:

> 1) Lanigan and Hastings "refuse to compensate Plaintiffs" for the credits they earned while incarcerated and thus are in violation of the Takings Clause of the Fifth Amendment.
>
> 2) Lanigan and Hastings "refuse to compensate Plaintiffs" for the credits they earned while incarcerated, even though other inmates were allowed to use their credits to earn sentence reductions, and thus are in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

(*Id.* ¶¶ 24, 28, 29).

Plaintiffs seek the following relief from the Court:

> 1) Compensatory damages in the amount of $100.00 per credit earned;[1]
>
> 2) A declaratory judgment mandating that Defendants enact and enforce a policy such that inmates serving sentences not eligible for credit reductions are compensated for earned credits;
>
> 3) Court fees and costs; and
>
> 4) Any further relief deemed equitable and proper by the Court.

(*Id.* ¶ 30).

---

[1] Given the number of credits Plaintiffs earned, this amounts to about $1.5 million.

2

## II.     STANDARD OF REVIEW

### A.     Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

In considering a motion to78ismiss under Federal Rule of Civil Procedure 12(b)(6), the court must " accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  If the "well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id*. at 679.

### III. DISCUSSION

#### A. Defendants, in their official capacities, are not "persons" under § 1983

Plaintiffs assert all claims against Defendants both individually and in their official capacities. Defendants counter that they are not amenable to suit under § 1983 because State defendants in their official capacities are not "persons" under § 1983. The Court agrees.

To be liable under § 1983, a defendant must be a "person." In *Will v. Michigan Dep't. of State Police*, the Supreme Court held that a State or an official of a State acting in his or her official capacity is not a "person" within the meaning of § 1983. 491 U.S. 58, 70-71 (1989). However, the Supreme Court was careful to note that, "our holding here . . . applies only to States or governmental entities that are considered arms of the state for Eleventh Amendment purposes." *Id*. at 70 (internal quotations omitted).

The Eleventh Amendment provides that, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity is available to all States, as well as entities considered "arms of the state." *N. Ins. Co. of New York v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006). In general, "a suit by private parties seeking to impose liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment," unless such immunity is explicitly waived. *Bell v. Holmes*, Civ. No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *see also Edelman,* 415 U.S. at 663. It is important to note that § 1983 does not override a State's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979). Thus,

4

in order for a State or one of its agencies to be subject to a suit for money damages, it must consent to such a suit.

Courts have consistently held that the New Jersey Department of Corrections is not a "person" subject to liability under § 1983. *See Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Because the Department is not considered a "person" within the meaning of 42 U.S.C. § 1983, the Complaint against it is barred by the Eleventh Amendment. Moreover, because Hastings and Lanigan are agents of the Department, they are also not "persons" within the meaning of § 1983 when acting in their official capacities. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity . . . .") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Accordingly, Plaintiffs' claims against Lanigan and Hastings, in their official capacities, and the Department are dismissed with prejudice.

> **B.** **Lanigan and Hastings, in their individual capacities, did not violate Plaintiffs' Fifth or Fourteenth Amendment rights.**
>
> *1. Fifth Amendment Takings Clause*

Plaintiffs allege that their Fifth Amendment rights were violated when Lanigan and Hastings, in their individual capacities, failed to financially compensate Plaintiffs for their earned credits upon their release from prison. (Compl. ¶¶ 22-25). Plaintiffs argue that this lack of compensation amounts to a violation of the Takings Clause of the Fifth Amendment. (*Id.* ¶ 24).

The Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because the "Constitution protects rather than creates property interests," the existence of a property interest is determined by reference to independent sources such as state

5

law. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 163-64 (1998) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). This is to say that to have a recognizable property interest in their credits, Plaintiffs "must have more than a unilateral expectation of [them]. They must, instead, have a legitimate claim of entitlement to [them]." *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (internal citations omitted).

Generally, inmates have no property interest in a job while incarcerated. *See id.*; *see also Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *Roth*, 408 U.S. at 577. New Jersey courts have held that, by extension, inmates also have no property interest in "the wages or credits that can be earned by performing a prison work assignment." *Lorusso v. Pinchak*, 701 A.2d 974, 975 (N.J. Super. Ct. App. Div. 1997); *see also Sharp v. South Woods State Prison*, 2007 WL 2688886, at * 4 (D.N.J. Sept. 12, 2007); *Shabazz v. New Jersey Dep't. of Corr.*, 896 A.2d 473, 480 (N.J. Super. Ct. App. Div. 2006). This is to say that, in order to prevail, Plaintiffs must show that they have a state created property interest in their credits. To have a state-created property interest in their credits, Plaintiffs "must have more than a unilateral expectation of [them]. They must, instead, have a legitimate claim of entitlement to [them]." *James*, 866 F.2d at 630 (internal citations omitted).

Here, Plaintiffs had no property interest in their credits as they had no "legitimate claim of entitlement" to them, because their issue was discretionary. *See* N.J.S.A. § 30:4-92 ("Compensation for inmates of correctional institutions *may be* in the form of cash or remission of time from sentence or both.") (emphasis added). Because the language of the statute is permissive rather than mandatory, an inference arises that Defendants were not required to provide cash compensation to inmates. *See Powell v. Weiss*, 757 F.3d 338, 345 (3d Cir. 2014) (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Indeed, the inmates were awarded credits for their work, as

permitted by statute, and nothing in the statute requires monetary compensation if the credits go unused for whatever reason. Plaintiffs' credits did go unused because the statute under which Plaintiffs were sentenced, N.J.S.A. § 2C:11-3b, makes clear that those convicted of murder under its auspices are to have sentences that "must include a thirty-year mandatory minimum term of imprisonment." *Id*. at 705; *see also State v. Ramseur*, 524 A.2d 188 (N.J. 1987) (noting that N.J.S.A. § 2C:11-3b requires a mandatory minimum of thirty years imprisonment); N.J.S.A. § 34:4-123.51a (making clear that "commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term . . . ."). Because Plaintiffs were serving a maximum sentence that was the same as their mandatory minimum sentence, they could not use their credits to shorten their times of imprisonment. *See Merola v. Dep't of Corr.*, 667 A.2d 702 (N.J. Super. Ct. App. Div. 1995) (holding that commutation credits cannot be used to obviate a mandatory minimum sentence or parole ineligibility term); *see also Wolff*, 418 U.S. at 539 (holding there is no constitutional right to commutation credits).

Therefore, because Plaintiffs had no property interest in their credits, and because New Jersey's compensation statute makes the issue of cash discretionary, Plaintiffs were not due cash compensation at the time of their release under the Takings Clause of the Fifth Amendment. As such, Plaintiffs' Fifth Amendment claim against Defendants Lanigan and Hastings in their individual capacities is dismissed with prejudice.

       2.  *Fourteenth Amendment – Due Process Clause*

Plaintiffs further allege that their rights protected under the Due Process Clause of the Fourteenth Amendment and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, were violated when Defendants refused to compensate Plaintiffs upon completion of their mandatory minimum sentences. (Compl. ¶ 29). The Fourteenth Amendment Due Process Clause states that "[n]o state

7

. . . shall deprive any person of life, liberty, or property, without due process of law."[2]  U.S. Const. amend. XIV.  In order to state a due process claim, Plaintiffs must demonstrate that they were deprived of an interest encompassed by the Fourteenth Amendment.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).

In terms of Plaintiffs' claim of a liberty interest in their credits, the Supreme Court has ruled that the Constitution itself "does not create a liberty interest in credits" that can be used to shorten a prison sentence.  *Sandin v. Conner*, 515 U.S. 472, 477 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).  The Supreme Court did note, however, that statutes could create liberty interests when the statute at issue "[is] generally limited to freedom from restraint." *Id*. at 487.  Despite Plaintiffs' credits being unrelated to freedom from restraint, Plaintiffs claim that because they earned credits but were unable to use them to reduce their sentences, Plaintiffs are owed cash compensation.

It is well settled, however, that prisoners have no inherent constitutional right to a prison job and no inherent constitutional right to wages for work performed while incarcerated.  *See Planker v. Christie*, 2015 WL 268847, at *28 (D.N.J. Jan. 21, 2015) (citing *Washlefske v. Winston,* 234 F.3d 179 (4th Cir. 2000); *Beatty v. DeBruyn,* 77 F.3d 484 (Table), 1996 WL 80168, at *1 (7th Cir. 1996) ("[I]f prison officials can constitutionally require inmates to work without pay, they can certainly deny prisoners pay for doing nothing."); *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (prisoner has no constitutional right

---

[2] The New Jersey Civil Rights Act states in relevant part that, "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this States, . . . may bring a civil action for damages . . . ."  N.J.S.A. § 10:6-2(c).  Accordingly, the Court shall construe Plaintiffs' New Jersey Civil Rights Act allegations as premised upon the alleged deprivation of due process rights under the United States Constitution.

8

to prison employment or a particular prison job); *Draper v. Rhay,* 315 F.2d 193, 197 (9th Cir. 1963) (noting that, because the Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, prisoners may be required to work without pay), *cert. denied*, 375 U.S. 915 (1963); *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968) (noting that there is no Constitutional right to compensation for prison work; compensation for prison labor is "by grace of the state"); *see also Murray v. Miss. Dept. of Corr.*, 911 F.2d 1167, 1167–68 (5th Cir. 1990) ("Compelling an inmate to work without pay is not unconstitutional . . . compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state.")). Additionally, "[t]here is no federally protected right of a state prisoner not to work while imprisoned after conviction . . . ." *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Consequently, a sentenced inmate may reasonably expect to be required to work without compensation as a result of his conviction. *See Northrop v. Federal Bureau of Prisons*, No. 08-0746, 2008 WL 5047792, *9 (M.D. Pa. Nov. 24, 2008).

Therefore, Plaintiffs have no recognizable liberty interest in their credits because the Constitution does not create one, the credits are not related to "freedom from restraint," *Sandin*, 515 U.S. at 487, and Plaintiffs have "no inherent constitutional right to wages for work performed while incarcerated," *Planker*, 2015 WL 268847, at *28. Accordingly, Plaintiffs' due process claim arising under the Fourteenth Amendment is dismissed with prejudice.

    **C.**    **Plaintiffs were not denied Equal Protection under the Fourteenth Amendment**

Plaintiffs also allege that their lack of compensation for earned credits at the time of their release violated the Equal Protection Clause of the Fourteenth Amendment. A plaintiff asserts a valid equal protection claim when he is either (a) a member of a protected class and was treated

9

differently from members of an unprotected class, or (b) he belongs to a "class of one" and was treated differently from others similarly situated without any rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000).

Here, Plaintiffs do not allege in their Complaint that they are members of any suspect class, nor do they allege that they make up a cognizable "class of one." This is to say that, in their Complaint, Plaintiffs do not allege that they were treated differently because of their membership in a protected class, or that other prisoners similarly situated were treated differently. Because Plaintiffs do not allege any facts in their Complaint that could make out a claim for an Equal Protection violation, Plaintiffs' claim is dismissed without prejudice. *See Iqbal*, 556 U.S. at 665 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is dismissed with prejudice, except as to Plaintiffs' Equal Protection claim, which is dismissed without prejudice. An appropriate Order will be entered.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**