<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ARTHUR WOFFORD, et al.,            :
                                   :    Civil Action No. 14-5723 (ES)
           Plaintiffs,             :
                                   :
      v.                           :    MEMORANDUM OPINION
                                   :
GARY LANIGAN, et al.,              :
                                   :
           Defendants.             :
_____:

**SALAS, DISTRICT JUDGE**

　　IT APPEARING THAT:

　　1.　On September 9, 2014, Plaintiffs Arthur Wofford and Vincent Ray (collectively, "Plaintiffs") filed a *pro se* Complaint with this Court. (D.E. No. 1, Complaint ("Compl.")). In their Complaint, Plaintiffs alleged that in 1983, they were each sentenced to a mandatory minimum of thirty years imprisonment. (Compl. ¶¶ 10, 20). Plaintiffs earned a number of "work and commutation credits" to reduce their term of imprisonment imposed by the courts. (*Id.* ¶ 11). While incarcerated, Plaintiffs accumulated a combined total of approximately 15,505 credits. (*Id.* ¶¶ 13, 21). Plaintiffs could not, however, use their credits to reduce their terms of imprisonment because their sentences were subject to a mandatory minimum. (*Id.* ¶ 12).

　　Plaintiffs alleged that upon their release from prison in 2012, they should have been financially compensated for each credit they earned while incarcerated. (*Id.* ¶ 30). Specifically, Plaintiffs contend that they have recognizable liberty and property interests in their credits and the failure of Defendants Gary Lanigan, Commissioner of the New Jersey Department of Corrections,

and Beverly Hastings, Administrator of East Jersey State Prison (collectively, "Defendants"), to compensate Plaintiffs for those credits violated Plaintiffs' Fifth Amendment rights under the Takings Clause and Plaintiffs' Fourteenth Amendment rights under the Due Process and Equal Protection Clauses. (*Id.* ¶¶ 28, 29). Plaintiffs also allege a claim under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, 2. (Compl. ¶ 1).

2. In response to the Complaint, Defendants filed a motion to dismiss (D.E. No. 8), which the Court granted on December 28, 2015 (D.E. Nos. 12 & 13). Specifically, the Court held that Defendants, in their official capacities, are not "persons" under 42 U.S.C. § 1983. (D.E. No. 12 at 4). With regard to the individual capacity claims, the Court found that Plaintiffs did not state a Fifth Amendment Takings Clause claim because they do not have a "state created property interest in their credits." (*Id.* at 6). The Court similarly dismissed their Fourteenth Amendment Due Process claim because "Plaintiffs have no recognizable liberty interest in their credits because the Constitution does not create one, the credits are not related to freedom from restraint and Plaintiffs have no inherent constitutional right to wages for work performed while incarcerated." (*Id.* at 9) (internal citations and quotation marks omitted). Finally, the Court dismissed Plaintiff's Equal Protection claim because they did not "allege that they were treated differently because of their membership in a protected class, or that other prisoners similarly situated were treated differently." (*Id.* at 10). The Court dismissed all claims with prejudice except for the Equal Protection claim. (*Id.*).

3. On April 18, 2016, Plaintiffs filed a motion to reopen/amend. (D.E. No. 14, Motion to Amend ("Mot.")). In their proposed Amended Complaint, Plaintiffs allege an Equal Protection

2

claim and a claim pursuant to the NJCRA.[1]  (D.E. No. 14-3, Amended Complaint ("Am. Compl.")

¶¶ 18-19).  In support of their Equal Protection claim, Plaintiffs allege only that

> Defendants NJDoC[2] and Gary Lanigan have awarded other prisoners serving sentences in the State of New Jersey "pay and a reduction in their prison terms" utilizing these earned work credits . . . .  Because defendants NJDoC and Gary Lanigan refuse to compensate plaintiffs and failed to reduce their prison terms but have utilized it for other prisoners, they have violated the Equal Protection Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C.A. §1983, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1,2.

(Am. Compl. ¶¶ 17-18).

    4.  Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of court when justice so requires.  Leave to amend pleadings is to be freely given.  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the discretion of the court.  *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied on the basis of (i) undue delay, (ii) bad faith or dilatory motive, (iii) undue prejudice to the opposing party, and (iv) futility of amendment.  *Id.*

    A motion to amend is properly denied where the proposed amendment is futile.  An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To evaluate futility, courts use "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6).  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  To determine if a pleading would survive a Rule 12(b)(6) motion, the

---

[1] The Amended Complaint contains a reference to a Fourteenth Amendment Due Process claim.  (*See* Am. Compl. ¶ 19).  Because the Court previously dismissed said claim with prejudice, it appears that such a reference was inadvertently included.

[2] As with the Due Process claim, the Court dismissed the Department of Corrections with prejudice.  (D.E. No. 12 at 5).

Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the [party] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, No. 09-3856, 2010 WL 918444, *2 (D.N.J. Mar. 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).

    5. As explained in the Court's previous Opinion, a plaintiff asserts a valid Equal Protection claim when he (i) is a member of a protected class and was treated differently from members of an unprotected class, or (ii) belongs to a "class of one" and was treated differently from others similarly situated without any rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000). To allege an Equal Protection claim under a class-of-one theory, a plaintiff must show that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).

    It appears that Plaintiffs are alleging that they belong to a "class of one" and they were treated differently from other similarly situated prisoners without any rational basis. Plaintiffs do not, however, actually provide any information about these "similarly-situated" prisoners from whom they were treated differently. Specifically, Plaintiffs have failed to allege that similarly-situated prisoners, i.e., those serving sentences whose maximum and minimum are the same, were given pay and a reduction in their prison terms. *See Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) ("Persons are similarly situated under the Equal Protection Clause when they are

alike in all relevant aspects") (internal citation omitted).  They merely state, in a conclusory fashion, that Defendants "have awarded other prisoners serving sentences in the State of New Jersey 'pay and a reduction in their prison terms' utilizing these earned work credits."  (Am. Compl. ¶ 17).  There is no indication in the allegations of the Amended Complaint to suggest that the other prisoners were also serving sentences which consisted only of mandatory minimum time.  As such, the allegations in the Amended Complaint are insufficient to state an Equal Protection claim under the *Iqbal* standard.

6.  Based on the foregoing, the Court grants Plaintiffs' motion to reopen but denies their request to file the Amended Complaint.[3]  However, because Plaintiffs are proceeding *pro se*,[4] the Court will allow them one final opportunity to state an Equal Protection claim.  An appropriate Order accompanies this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] To the extent the Amended Complaint raises claims under New Jersey state law, the Court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claim's over which it has original jurisdiction).

[4] Plaintiffs purport to be proceeding *pro se*.  (Am. Compl. at 7).  But the Amended Complaint and several other documents in this matter have been filed by attorney Vera McCoy, who also entered an appearance on behalf of these *pro se* Plaintiffs.

5