Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR WOFFORD, et al., | |
| Plaintiffs, | Civil Action No. 14-5723 (ES) |
| v. | MEMORANDUM OPINION |
| GARY LANIGAN, et al., | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

    Before the Court is Defendant Gary Lanigan's ("Lanigan") motion to dismiss Plaintiffs Arthurs Wofford and Vincent Ray's (collectively, "Plaintiffs") Second Amended Complaint (D.E. No. 18 ("SAC")). (D.E. No. 28). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). The Court finds as follows:

    1.    The Court assumes the parties' familiarity with the facts of this matter and intends this Memorandum Opinion to be read in conjunction with the Court's prior Opinions and Orders (*See* D.E. Nos. 12-13 & 16-17). Specifically, after the December 28, 2015 Opinion and Order, only Plaintiffs' equal protection claim remained. (*See* D.E. Nos. 12 & 13). On April 18, 2016, Plaintiffs filed a motion to re-open and amend, (D.E. No. 14), which the Court denied, (D.E. Nos. 16 & 17). However, the Court gave Plaintiffs permission to file a second amended complaint. (D.E. No. 17).

    2.    Plaintiffs then filed a motion to re-open and for leave to file a second amended complaint. (D.E. No. 19; SAC). The Court granted Plaintiffs' motion, deeming the proposed SAC filed. (*See* D.E. No. 21). The SAC only asserts an equal protection claim against Lanigan. (*See*

D.E. No. 18). In response, Lanigan filed the instant Motion to Dismiss.[1] (D.E. No. 28, Defendant's Motion to Dismiss ("Def. Mov. Br.")).

3. As explained in the Court's previous Opinion, a plaintiff asserts a valid Equal Protection claim when he (i) is a member of a protected class and was treated differently from members of an unprotected class, or (ii) belongs to a "class of one" and was treated differently from others similarly situated without any rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000); (D.E. No. 12 at 9-10). To state an equal protection claim under a class-of-one theory, a plaintiff must allege that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).

4. In his Motion, Lanigan argues that "Plaintiffs have failed to evidence that similarly situated prisoners, with minimum and maximum sentences of the same length, were awarded work credits or monetary compensation for the inapplicable credits while Plaintiffs received neither." (Def. Mov. Br. 5-6). However, Plaintiffs do allege that they are similarly situated to ex-offenders Sheena Perry and Andre Judson, whom the Appellate Division determined should receive cash for credits they earned while incarcerated. (*See* SAC ¶¶ 16-17). According to the factual record recited in Mr. Judson's federal habeas case, it appears Mr. Judson, like Plaintiffs here, served a 30

---

[1] To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court is not required to accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

year sentence with a 30 year mandatory minimum. *See Judson v. Sherrer*, No. 05-0697, 2006 WL 2594860, at *1 (D.N.J. Sept. 11, 2006) (quoting *State v. Judson*, No. A–5101–93T4 slip op. at p. 3 (N.J. Super. App. Div., May 19, 1995)) ("[A]s to defendant's remaining claim, a thirty-year period of parole ineligibility was imposed on his thirty-year sentence for murder, against which commutation and work time cannot be credited. N.J.S.A. 30:4–123.51. He thus will receive cash pursuant to N.J.S.A. 30:4–92 and N.J.A.C. 10A:9–5.1(b)2. No constitutional issue is presented by this scheme. In sum, defendant's arguments are clearly without merit. R. 2:11–3(e)(2).").[2]

5. Drawing all reasonable inferences in favor of Plaintiffs, as the Court must do on a motion to dismiss, *see Iqbal*, 556 U.S. at 678, the Court finds Plaintiffs have sufficiently alleged that similarly situated prisoners received payment for their work credits and Plaintiffs did not, *see Phillips*, 515 F.3d at 243. As that is the only basis upon which Defendant has moved to dismiss the equal protection claim, his Motion will be denied.

6. An appropriate order follows.

    *s/Esther Salas*
    **Esther Salas, U.S.D.J**.

---

[2] The Court can take judicial notice of matters of public record, such as judicial opinions. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).