Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ARTHUR WOFFORD, and VINCENT RAY,** : : : : **Plaintiffs,** : : **v.** : : **GARY LANIGAN,** *Commissioner of the New Jersey Department of Corrections*, : : **Defendant.** : : | Civil No. 14-5723 (ES) **OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court are cross-motions for summary judgment filed by Plaintiffs Arthur Wofford and Vincent Ray (D.E. No. 60) and Defendant Gary Lanigan, the Commissioner of the New Jersey Department of Corrections ("NJDOC") (D.E. No. 61). Plaintiffs are two former inmates of NJDOC, and they claim that Lanigan violated their rights under the Equal Protection Clause by declining to pay them cash for work credits they received in prison. The Court has considered the parties' submissions and decides this matter without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Because Plaintiffs have provided no evidence that Lanigan, or anyone else employed at NJDOC, paid a similarly situated former inmate, the Court **GRANTS** Lanigan's motion, **DENIES** Plaintiffs' motion, and enters judgment in favor of Lanigan.

**I.   Background**

In the 1990s, both Plaintiffs were sentenced to mandatory minimum terms of thirty years. Both were released in 2012. While incarcerated in various NJDOC facilities, both worked and earned "commutation credits" and "work credits," in addition to their regular hourly pay. Wofford

earned 3,904 commutation credits and 2,873 work credits, and Ray earned 3,651 commutation credits and 2,642 work credits.  Because they were serving mandatory minimum sentences, N.J.S.A. § 30:4-123.51(a) prohibited them from using their credits to reduce their sentences.  However, relying on N.J.S.A. § 30:4-92—which says that compensation for inmates can be in the form of cash, a reduction in sentence, or both—Plaintiffs contend they are entitled to cash payment in exchange for their work credits.  In other words, they appear to suggest that when they left prison, they were entitled to a lump sum payment of some amount.  Though the Court is not convinced by that statutory argument—indeed, N.J.S.A. § 30:4-92 says, "Compensation for inmates of correctional institutions *may* be in the form of cash at established inmate wage rates *or* remission of time from sentence *or* both" (emphasis added), and Plaintiffs *were* paid a wage while working in prison—Lanigan does not point to any authority suggesting that NJDOC *cannot* make such a lump sum payment.

On September 9, 2014, Plaintiffs filed suit against Lanigan; Beverly Hastings, an administrator of East Jersey State Prison; and NJDOC.  (D.E. No. 1).  They brought claims under 42 U.S.C. § 1983.  On December 28, 2015, the Court dismissed their complaint in its entirety.  (D.E. Nos. 12 & 13).  Most of their claims were dismissed with prejudice, but their personal capacity equal protection claim was dismissed without prejudice.  On April 18, 2016, Plaintiffs sought to revive that claim by moving to reopen/amend.  (D.E. No. 14).

The Court denied their motion on November 17, 2017.  (D.E. No. 16).  It appeared, the Court said, that Plaintiffs were alleging a "class of one" theory of equal protection, which requires them to allege they were intentionally and unreasonably treated less favorably than similarly situated persons.  (*Id.* at 4).  However, the Court went on, they "failed to allege that . . . those serving sentences whose maximum and minimum are the same[] were given pay and a reduction

in their prison terms." (*Id.*). The Court gave Plaintiffs one more opportunity to amend their complaint. (*Id.* at 5).

On December 15, 2016, Plaintiffs filed the second amendment complaint ("SAC"), this time naming Lanigan as the only defendant. (D.E. No. 18). After the Court granted Plaintiffs' motion to reopen/amend (D.E. No. 21), Lanigan moved to dismiss the SAC. (D.E. No. 28). On March 6, 2019, the Court denied the motion. (D.E. No. 38). In the SAC, as the Court explained, Plaintiffs alleged that two former inmates—namely, Sheena Perry and Andre Judson—served mandatory minimum sentences, just as Plaintiffs did, but were compensated for work credits they earned while in prison, unlike Plaintiffs. (*Id.* at 2–3). If true, that could support a claim that Lanigan, as commissioner of NJDOC, violated Plaintiffs' rights to equal protection by failing to similarly compensate them.

Now that discovery has concluded, both parties have moved for summary judgment on Plaintiffs' equal protection claim.

## II.     Legal Standard

Under Rule 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The mere existence of an alleged disputed fact is not enough. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Rather, the opposing party must prove that there is a *genuine* dispute of a *material* fact. *Id.* at 247–48. An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is "material" if under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.* On a summary judgment motion, the moving party must first show that

no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. To meet its burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Thus, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

## III. Discussion

Plaintiffs do not challenge New Jersey's statutory scheme prohibiting inmates detained pursuant to mandatory minimum sentences from using their work credits to reduce their sentences. Rather, they claim that they, as two inmates detained pursuant to mandatory minimum sentences, were treated less favorably than other inmates detained pursuant to mandatory minimum sentences. (D.E. No. 60-2 ("Pls.' Mov. Br.") at 6–7, 10).

Where a plaintiff does not allege membership to a particular class or group, the plaintiff can advance a "class of one" theory of equal protection. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To advance such a theory, a plaintiff must show that: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). To be "similarly situated," parties must be "alike in all relevant aspects." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (citing *Startzell v. City*

4

*of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008)); *see also Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007) (affirming a grant of judgment for the defendant on an equal protection, "class of one" claim where the plaintiff failed to identify a similarly situated individual who was treated differently).

Thus, Plaintiffs must point to former inmates who served a mandatory minimum sentence, like Plaintiffs, but were compensated for their earned work credits. Plaintiffs point to four such persons whom they claim received this more favorable treatment: Sheena Perry, Andre Judson, Lester Johnson, and Steven Geiger. (Pls.' Mov. Br. at 6–7, 10). Not one, however, supports their claim.

Plaintiffs provide very little information about Sheena Perry. (*Id.* at 7). In their SAC, they allege that in 2001, "the court" held Perry was entitled to receive monetary compensation for work credits. (SAC ¶ 16). Plaintiffs further allege Perry did receive such compensation. (*Id.*). In support, they provided a partial case citation, which appears to be from the New Jersey Superior Court Appellate Division, but they do not provide a copy of an opinion or order or any other way to obtain either. (*Id.*). In their statement of undisputed material facts, Plaintiffs do not so much as mention Perry. (D.E. No. 60-1). Nor did they submit any evidence supporting their claim that Perry is a proper comparator, i.e., that she served a mandatory minimum sentence and was paid cash for earned work credits after so serving. Lanigan submits only a little more with respect to Perry, in the form of a sworn declaration of Karen Hughes, an administrative analyst in the Division of Operations of NJDOC. (D.E. No. 61-4, Ex. D ("Hughes Decl.")). Hughes attests that Perry is a former inmate of NJDOC who was originally sentenced to serve a mandatory minimum term of thirty years. (*Id.* ¶ 8). But Hughes goes on to say that Perry was resentenced to time served on June 19, 2002, after serving only nineteen years. (*Id.*). There is no indication in the record as

5

to why Perry's sentence was reduced. The Court is thus left without any evidence supporting Plaintiffs' claim that Perry is similarly situated to Plaintiffs but treated more favorably by Lanigan, i.e., that she was paid cash for earned work credits after serving a mandatory minimum sentence. They provide no evidence she was ever even paid. Much less do they rebut Lanigan's assertion that, if she was paid, it was after she received a sentence reduction from her original mandatory minimum term.[1]

Similarly, Plaintiffs have provided very little information about Judson. (Pls.' Mov. Br. at 7). In their SAC, they allege that "the New Jersey Court of Appeals ruled that Andre Judson, an ex-offender, should receive cash for credits he earned while incarcerated." (SAC ¶ 17). In support, they provide, as they did for Perry, a partial case citation, which appears also to be to a case from the New Jersey Appellate Division, but they do not provide a copy of an opinion or order or any other way to obtain either. (*Id.*). And just as they failed to do with Perry, Plaintiffs did not mention Judson in their statement of undisputed facts, nor did they provide any evidence supporting their allegations concerning Judson's situation. However, the Court was able to obtain the case document Plaintiffs cite through the court filings in Judson's federal habeas case. (Case No. 05-0697, D.E. No. 1-2, at 2–4 (CM/ECF pagination)). In an unpublished per curiam decision, the Appellate Division rejected Judson's argument he was entitled to a reduction in sentence as a result of his earned work credits and noted "[h]e thus will receive cash pursuant to N.J.S.A. 30:4-92 and N.J.A.C. 10A:9-5.1(b)2." (*Id.* at 4). There is no further discussion of the issue, nor is there any indication whether Judson was ever even compensated. In addition, there is no indication that the

---

[1] In their opposition to Lanigan's motion for summary judgment, Plaintiffs complain that there is "no explanation as to why [P]laintiffs were not entitled to the same relief as Ms. Perry because they were similarly situated to her." (D.E. No. 65, at 4). But the Court cannot assume why Perry's sentenced was reduced, or that her sentence was reduced because of her earned work credits. It is Plaintiffs' job to figure that out and to inform the Court why they were similarly situated to Perry with respect to her reduction in sentence.

Appellate Division was referring to any payment beyond that which Plaintiffs received and all other inmates receive for the work they perform in prison. Importantly, Lanigan submits evidence suggesting Judson was never paid. In her sworn declaration, Hughes attests that "Judson was paid for his work time, but was not awarded further remuneration for his inapplicable credits." (Hughes Decl. ¶ 14). Plaintiffs have put forth no evidence to refute this contention.

In their moving brief, Plaintiffs argue they are similarly situated to Johnson and Geiger. (Pls.' Mov. Br. at 6, 10). They named neither person in their SAC, and it appears to be the first time they have mentioned these individuals. Even assuming it appropriate to consider Plaintiffs' arguments concerning those two alleged comparators, their presence does not create a genuine dispute of material fact. In support of their claim that Johnson and Geiger are appropriate comparators, Plaintiffs cite the dismissals of Johnson and Geiger's respective civil rights complaints. (*Id.* at 6 (citing *Johnson v. New Jersey Dep't of Corr.*, No. 06-0926, 2006 WL 1644807 (D.N.J. June 2, 2006)); *id.* at 10 (citing *Geiger v. Balicki*, No. 11-5888, 2012 WL 1339436 (D.N.J. Apr. 17, 2012))). In both cases, Johnson and Geiger claimed they were entitled to cash payment for their work credits, and in both cases, the Court dismissed their claims on the basis they had not alleged their mandatory minimum sentences had expired as would be required to receive such payment under N.J.S.A. § 30:4–123.51(a). *Geiger*, 2012 WL 1339436, at *3; *Johnson*, 2006 WL 1644807, at *3. Contrary to Plaintiffs' suggestions, however, in neither case did the Court hold that Johnson and Geiger were entitled to cash payments. And there is no evidence suggesting that either of them, upon completion of their sentences, received such payment. Accordingly, Plaintiffs have failed to meet their burden to show that Johnson and Geiger are similarly situated to them and were intentionally treated more favorably.

In sum, there is no evidence in the record on which a reasonable juror could find that another former prisoner, whose sentence and mandatory minimum were the same length, received payment for unused work credits upon release from custody. Accordingly, Plaintiffs have failed to meet the first two prongs of their equal protection claim. *See Hill*, 455 F.3d at 239. The undisputed material facts make clear that Defendant Lanigan is entitled to judgment in his favor.

### IV.   Conclusion

For the reasons set forth above, Defendant's motion for summary judgment (D.E. No. 61) is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED** (D.E. No. 60). An appropriate Order accompanies this Opinion.

Date: March 26, 2021

*/s/Esther Salas*
**Esther Salas, U.S.D.J.**